IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-06-757 (1) |
| | § | |
| ERNESTO GARZA GARZA, | § | |
|     Defendant-Movant. | § | |

## ORDER DENYING "MOTION TO CORRECT FINAL SENTENCE"

On December 5, 2008, the Clerk received from Defendant Ernesto Garza Garza a motion titled as a "Motion to Correct Final Sentence Pursuant to 18 § 3742 [sic]," now pending before the Court and addressed herein. (D.E. 34.) In his motion, Garza relies on two recent Supreme Court decisions, Rita v. United States, 127 S. Ct. 2456 (2007) and Gall v. United States, 128 S. Ct. 586 (2007)[1] for the proposition that the district court must consider all factors in 18 U.S.C. § 3553(a) when imposing a sentence. He contends that this Court erred because it did not take into consideration all of the allowable factors under § 3553(a). He specifically argues that this Court erred in failing to give him a lesser sentence based on his status as a deportable alien. He requests that the Court modify and "correct" his sentence "by a period of up to eighteen months (18) months," because of the disparity between his sentence and the sentence imposed on United States citizens. (D.E. 34 at 3.)

---

[1] The citation that Garza gives for the Gall case, 128 S. Ct. 18, is merely a preliminary order in the case granting a motion to file part of the joint appendix under seal. (See D.E. 34 at 3.) The Court presumes he meant to reference the actual opinion, found at 128 S. Ct. 586.

## I. BACKGROUND

Garza pleaded guilty to the indictment against him, which charged him with a single count of possession with intent to distribute approximately 967 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 14, 20, 21.) He was sentenced by this Court on March 13, 2007 to 70 months in the custody of the Bureau of Prisons, to be followed by a four-year term of supervised release. (D.E. 29, 30.) The Court also imposed a $100 special assessment. (D.E. 29, 30.) Judgment was entered against Garza on March 16, 2007. (D.E. 30.) He did not appeal.

## II. ANALYSIS

**A.    Characterization of Motion**

At the outset, the Court is tasked with determining how to construe Garza's motion, adhering to the principle that *pro se* pleadings are to be construed liberally. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). Although he asks for a correction in his sentence pursuant to 18 U.S.C. § 3742, that statute is a provision addressing direct criminal appeals and does not provide a basis for relief before the district court. Similarly, his motion also requests a "downward departure" (D.E. 34 at 2), but Garza has already been sentenced by this Court and his conviction is now final. Notably, Garza does not assert cognizable grounds for relief under 28 U.S.C. § 2255, either. Instead, he is essentially asking for a reduction in sentence based on the fact that the BOP deems him ineligible for a reduction in sentence for participation in a drug treatment program and ineligible for placement in a halfway house, because of his status as a deportable alien. (See D.E. 34.) He contends that this ineligibility make his sentence more severe than a sentence of the same length imposed on a United States citizen. He further claims that the Court failed to take into account the alleged disparity when sentencing him.

Particularly in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe Garza's motion as a § 2255 motion. Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Rather than construing his motion as a § 2255 motion, then, the Court construes it as a motion to reduce sentence pursuant to 18 U.S.C. § 3582.

**B.    Motion for Reduced Sentence**

Having determined that Garza's motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds entitling him to relief.  This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

Garza fails to assert grounds for modification that fall into any of the categories above. Thus, this Court is without authority to reduce his sentence.

Moreover, the Court finds Garza's substantive claim is without merit.  Specifically, the Court did in fact consider all the factors of § 3553(a) in imposing his sentence, and his sentence was the

3

lowest end of his advisory guideline range. (See Presentence Investigation Report at ¶ 32.) Additionally, at the time Garza was sentenced, this Court was aware of the BOP policies regarding deportable aliens and took them into consideration when sentencing him. Thus, even if the Court had the authority to grant him relief, he has not shown any error in his sentencing entitling him to a reduced sentence.

### III. CONCLUSION

For the foregoing reasons, Garza's motion to correct his sentence (D.E. 34) is construed as a motion to reduce sentence under 18 U.S.C. § 3582, and is DENIED.

It is so ORDERED this 9th day of December, 2008.

_____
Janis Graham Jack
United States District Judge